IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 4:16-cr-0040-JAJ |
| vs. | |
| REGINALD FITZGERALD DOUGLAS, | **ORDER** |
| Defendant. | |

  This matter comes before the court pursuant to a motion filed by defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking a modification of the term of his imprisonment to time served and commencement of a term of supervised release previously imposed.  The Court finds:

  1. Defendant was sentenced on September 20, 2016, in the United States District Court for the Southern District of Iowa, to a 96-month term of imprisonment followed by a 3-year term of supervised release.   [Dkt. 60].

  2. Defendant claims that he should receive compassionate release under 18 U.S.C. § 3582(c)(1)(A), based on the combination of his medical conditions and the ongoing COVID-19 pandemic. Defendant, age 51, primarily argues that his chronic obstructive pulmonary disease ("COPD"), diabetes and chronic kidney disease constitute "extraordinary and compelling circumstances" warranting compassionate release. [Dkt. 67-1, at 8-14]. Additionally, defendant has a body mass index above 30 and has been diagnosed with hypertension, hyperlipidemia, fibromyalgia, hypothyroidism, and GERD. [*Id.* at 14].

  3. Title 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (2018), now authorizes the Court to modify a term of imprisonment upon a finding that extraordinary and compelling reasons warrant the reduction.   Compassionate release is not mandatory, even if the court finds an

1

"extraordinary and compelling reason," however. *See, e.g., United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Instead, whether to grant such a reduction involves a 4-step analytical scheme, considering the following issues in succession: (1) timing or satisfaction of administrative requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) extraordinary or compelling reasons, *see id.* at 3582(c)(1)(A)(i); (3) lack of danger to any other person or the community, *see* U.S.S.G. § 1.B.1.13 (applicable policy statement); and (4) § 3553(a) factors, 18 U.S.C. § 3582(c)(1)(A). *Cf. Chambliss*, 948 F.3d at 692-94.

  A. At the first step, the administrative exhaustion requirement is satisfied [1] if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or [2] there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier*." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Some courts consider this exhaustion requirement to be a claim-processing rule subject to possible equitable tolling, but most consider it jurisdictional or otherwise mandatory. *Compare, e.g., United States v. Smith*, No. 12 CR. 133 (JFK), 2020 WL 1849748, at *3 (S.D.N.Y. Apr. 13, 2020) (exhaustion is non-jurisdictional), *with, e.g., United States v. Lugo*, No. 2:19-CR-00056-JAW, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020) (even if the exhaustion requirement was not jurisdiction, it was "both clear and mandatory," so that the court could not read an exception into it); *United States v. Johnson*, No. RDC-14-0441, 2020 WL 1663360, at *3–6 (D. Md. Apr. 3, 2020) (concluding that § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional and, regardless, there are no exceptions to the exhaustion requirement).

  B. At the second step of the analysis, the defendant must show "extraordinary and compelling reasons" warranting a reduction. Section 3582(c)(1) does not define such reasons. The Sentencing Guidelines do identify such reasons in U.S.S.G. § 1B1.13, cmt. n.1, however. A defendant's medical conditions may constitute extraordinary and compelling reasons only if the defendant is suffering

2

from a terminal illness, or if he is "(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process" and the condition substantially diminishes the defendant's ability to provide self-care in prison. *Id.*

  C. At the third step, compassionate release is appropriate only where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(2); *see also United States v. Schmitt*, No. CR12-4076-LTS, 2020 WL 96904, at *5 (N.D. Iowa Jan. 8, 2020) (setting out the § 3142(g) factors).

  D. If all the preceding requirements have been satisfied, at the fourth step, the court "consider[s] the factors set forth in section 3553(a) to the extent that they are applicable." 28 U.S.C. § 3852(c)(1)(A). The court must provide reasons for its determination based on consideration of the § 3553(a) factors. *Chambliss*, 948 F.3d at 693.

  4. Here, defendant satisfied the exhaustion requirement. On April 17, a request was submitted to the warden at Brooklyn MDC on behalf of defendant. The warden denied that request on April 23, 2020. Over 30 days have passed since this denial. [Dkt. 67-3]. At the second step of the inquiry, the government concedes that defendant has established that, in the context of the COVID-19 pandemic, his medical conditions constitute "extraordinary and compelling reason[s] for [his] release." [Dkt. 68, at 3].

  5. Defendant fails, however, to establish that he is not a danger to the community and that the § 3553(a) factors warrant compassionate release. Defendant was arrested after a shots fired incident in the Drake University area of Des Moines, Iowa. [PSR, Dkt. 55, at ¶¶ 6–10]. This area is a heavily populated, combined University, residential and commercial area of Des Moines. Defendant exited his vehicle and fired three shots into the air, before entering the Platinum Kutz barber shop. [*Id.*]. Inside, defendant "was rambling about life and

being disappointed in himself . . . and began to repeatedly hit himself in the head." [*Id.* at ¶ 9]. Defendant was transported to Broadlawns Medical Center because of comments he made about committing suicide by cop. [*Id.* at ¶ 7]. Although it is clear that defendant's mental health struggles played a significant role in this offense, the Court cannot ignore the inherent danger in firing three gunshots into the air in a heavily populated neighborhood.

      6.     Defendant argues that he is no longer a danger to the community because of the degree to which his offense was caused by his mental health concerns. [Dkt. 67-1, at 22]. But defendant does not claim that his mental health conditions are under control. In fact, he argues that one reason he should be released is because his mental health treatment, although ineffective while incarcerated, would be better if he were released. [*Id.*, at 15–16]. Defendant's claims are speculative. First, Defendant's release plan to the VA Mental Health Residential Rehabilitation Treatment Program is only a short-term solution—defendant acknowledges that it is only a two- to four-month program. [Dkt. 71, at 2]. The plan does not provide for the long-term safety of the community. Second, without evidence of how effective treatment has thus far helped defendant manage his conditions, he has not demonstrated that treatment outside the BOP would be sufficient to prevent an incident like the one that led to his current incarceration.

      7.     Furthermore, defendant has not established that the § 3553(a) factors warrant compassionate release in this case. The Court thoroughly considered the history and characteristics of defendant, including his mental health and history of substance abuse in imposing a below-Guideline sentence. [Sealed Judgment, Dkt. 61, at 9]. Defendant has not established that his conditions have changed sufficiently to warrant any further variance at this time.

      8.     After consideration of all defendant's arguments, the Court concludes that defendant has not satisfied the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.

**IT IS THEREFORE ORDERED** that the July 1, 2020, Motion for Compassionate Release [Dkt. 67] is denied.

**DATED** this 9th day of September, 2020.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA